# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARRIUS SUTTLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | |
| ) | No. _____ |
| VINCENT BUTLER, and ) | |
| JUAN RESTREPO, ) | |
| in their individual capacities, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Darrius Suttles brings this Complaint for damages under 42 U.S.C. §1983 and the Fourth Amendment and Georgia law.

## INTRODUCTION

1.  This case is about two violent, unreasonable, and unlawful seizures of Darrius Suttles for purportedly jaywalking while in downtown Atlanta. In the first incident, Officer Butler subjected Plaintiff to an ad hoc, suspicionless strip and cavity search in a precinct. In the second incident, Officers Butler and Restrepo gratuitously broke Plaintiff's humerus in two while Suttles was face down on the sidewalk, not resisting.

## PARTIES

2. Plaintiff Darrius Suttles is a citizen of the United States and a resident of the state of Georgia.

3. At all relevant times, Defendant Vincent Butler ("Butler") was an officer for the Atlanta Police Department. At all relevant times, Butler was acting under the color of the state law.

4. At all relevant times, Defendant Juan Restrepo ("Restrepo") was an officer for the Atlanta Police Department. At all relevant times, Restrepo was acting under the color of the state law.

## JURISDICTION AND VENUE

5. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth Amendment of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all acts occurred within this District and Division.

## FACTUAL ALLEGATIONS

7. On May 25, 2017, Plaintiff was walking on the sidewalk in downtown Atlanta when he was stopped by Butler and falsely accused of jaywalking in violation of O.C.G.A. § 40-6-96.

8. Butler decided to arrest Plaintiff even though Plaintiff had not been jaywalking or committing any other criminal offense.

9. There was no reason that Butler would have thought that Plaintiff was jaywalking. The arrest was inexplicable. It was made without even arguable probable cause.

10. Plaintiff was placed into handcuffs without incident.

11. Plaintiff was searched incident to arrest and no contraband was found.

12. Instead of taking Plaintiff to the jail, Butler took Plaintiff to a precinct because he had a hunch that Plaintiff possessed contraband.

13. Plaintiff had no contraband and there was no reason for Butler to have so believed.

14. Butler then forced Plaintiff to remove his clothing in front of Butler in a small room in the precinct.

15. Butler manipulated Plaintiff's genitalia with his hands.

16. Again finding nothing, Plaintiff was taken to the jail until he could make bond.

17. On December 27, 2017 Butler and Restrepo approached Plaintiff and told him that he was under arrest for jaywalking.

18. Plaintiff had not violated O.C.G.A. § 40-6-96 or any other statute at

the time that Butler and Restrepo approached him.

19.  There was no reason that Butler or Restrepo should have thought that Plaintiff had been jaywalking or committing any other offense.

20.  Recognizing Butler, knowing he had done nothing wrong, and remembering Butler's unauthorized and unlawful groping of his genitalia, Plaintiff was scared and began to run.

21.  Plaintiff did not make it more than a few feet before going to the ground.

22.  Plaintiff then surrendered fully and positioned himself facedown on the sidewalk with his hands outstretched forwards in a show of surrender.

23.  Plaintiff offered no resistance whatsoever once he was on the ground.

24.  Butler and Restrepo then repeatedly cranked Plaintiff's arm as hard as they could in an effort to inflict physical pain.

25.   Plaintiff's humerus, which is the bone that runs from the shoulder to the elbow, snapped into two pieces.

26.  This was incredibly painful for Plaintiff and caused lasing injuries.

27.  Following an unsuccessful manual attempt to reset his bone, Plaintiff required surgery and the permanent implant of a metal plate as treatment.

28.  Plaintiff suffered permanent nerve damage.

29. Plaintiff was charged with jaywalking in violation of O.C.G.A. § 40-6-96 and obstruction of an officer in violation of O.C.G.A. § 16-10-24.

30. Although Plaintiff ran from Butler and Restrepo, he was entitled to resist their unlawful arrest without committing the offense of obstruction of an officer under Georgia and federal law.

### COUNT I
*Unlawful Seizure*
*Under 42 U.S.C. § 1983 and the Fourth Amendment*
*May Arrest*
*(Against Butler)*

29. Butler arrested Plaintiff without arguable probable cause meaning that no reasonable officer would have believed there was justification to arrest Plaintiff.

30. At the time of the seizure, there was no warrant for Plaintiff's arrest.

31. Plaintiff suffered loss of liberty, pain and suffering, and other economic and non-economic damages as a result of the unlawful seizure.

### COUNT II
*Unlawful Search*
*Under 42 U.S.C. § 1983 and the Fourth Amendment*
*May Arrest*
*(Against Butler)*

32. After Plaintiff's arrest in May 2017, Butler forced Plaintiff to take off his clothes in a police precinct without any justification.

33. Butler lacked even arguable reasonable suspicion to believe that Plaintiff possessed contraband at the time of the search.

34. The stated purpose of the invasive search was to investigate whether Plaintiff possessed contraband.

35. The search that Butler performed was conducted in view of approximately three other officers.

36. The search that Butler performed involved the digital manipulation of Plaintiff's genitalia and anus and was designed to be demeaning, degrading, and humiliating.

37. At the time Butler searched Plaintiff, it was clearly established that an investigatory strip search for drugs was unlawful without reasonable suspicion that the arrestee had drugs on their person. *See Evans v. Stephens*, 407 F.3d 1272, 1280 (11th Cir. 2005)

38. Plaintiff suffered loss of liberty, pain and suffering, and other non-economic damages as a result of the unlawful seizure.

**COUNT III**
*Unlawful Seizure*
*Under 42 U.S.C. § 1983 and the Fourth Amendment*
*December Arrest*
*(Against Butler and Restrepo)*

29. Defendants arrested Plaintiff without arguable probable cause

meaning that no reasonable officer would have believed there was justification to arrest Plaintiff.

30. At the time of the seizure, there was no warrant for Plaintiff's arrest.

31. Plaintiff suffered loss of liberty, pain and suffering, and other economic and non-economic damages as a result of the unlawful seizure.

### COUNT IV
*Excessive Force*
*Under 42 U.S.C. § 1983 and the Fourth Amendment*
*December Arrest*
*(Against Butler and Restrepo)*

32. Defendants used excessive force against Plaintiff after he prostrated himself facedown on the ground while he offered no resistance and posed no threat.

33. There was no need for Defendants to apply any force to Plaintiff after he went to the ground and surrendered.

34. Defendants used a significant amount of force.

35. Plaintiff sustained a painful and permanent injury.

36. Defendants' force was not applied in good faith; instead, it was rendered maliciously and sadistically.

37. At the time of Defendants' tortious conduct, the law was clearly established that gratuitous force upon a non-resisting arrestee constitutes excessive

force. *See, e.g.*, *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (officer's single punch to the stomach of a non-resisting, handcuffed arrestee constituted excessive force).

## COUNT V
*Unlawful Search*
*Under 42 U.S.C. § 1983 and the Fourth Amendment*
*December Arrest*
*(Against Butler)*

29. After Plaintiff's arrest in December 2017, Butler forced Plaintiff to take off his clothes while Plaintiff was handcuffed to a hospital bed without any justification.

30. Butler lacked even arguable reasonable suspicion to believe that Plaintiff possessed contraband at the time of the search.

31. The stated purpose of the invasive search was to investigate whether Plaintiff possessed contraband.

32. The search that Butler performed was conducted in view of another officer and medical staff.

33. The search that Butler performed involved the digital manipulation of Plaintiff's genitalia and anus and was designed to be demeaning, degrading, and humiliating.

34. Plaintiff suffered loss of liberty, pain and suffering, and other non-

economic damages as a result of the unlawful seizure.

## COUNT VI
*State Law Claims*

38. Defendants committed various instances of assault and battery against Plaintiff in violation of O.C.G.A. §§ 51-1-13 and 51-1-14, arising out of the May arrest and the December arrest.

39. As the facts alleged indicate, Defendants acted with actual malice toward Plaintiff. In subjecting Plaintiff to an ad hoc cavity search and using force intended to break his arm, Defendants possessed the deliberate intent to do wrong.

40. Defendants' actions were malicious, reckless, and callously indifferent to Plaintiff's clearly established rights, and Defendants are not entitled to official immunity under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

(A)   Assume jurisdiction over this action;

(B)   Award nominal, compensatory, punitive, and other damages against Defendants in an amount determined by a jury;

(D)  Award reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable laws;

(E)  Award such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

This 28th day of May, 2019.

                Respectfully Submitted,

                */s/ Zack Greenamyre*
                Zack Greenamyre
                Georgia Bar No. 293002
                MITCHELL & SHAPIRO LLP
                3490 Piedmont Road, Suite 650
                Atlanta, Georgia 30305
                404-812-4747
                zack@mitchellshapiro.com

                *Attorney for Plaintiff*